IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAPHAEL K. CHICKE, :
    Plaintiff :
:
vs. : CIVIL NO. 1:CV-09-1456
:
:
EXPERIAN, :
    Defendant :

*MEMORANDUM*

I. *Introduction*

Defendant, Experian Information Solutions, Inc., removed this action from state court, in part on the basis of diversity jurisdiction.[1] We are considering the pro se plaintiff, Raphael K. Chieke's, "Objection to Defendant's Notice of Removal," which we will treat as a motion to remand. Plaintiff asserts that removal was untimely and that diversity jurisdiction is lacking in any event. For the following reasons, the motion will be denied.

II. *Background*

On July 2, 2009, Plaintiff filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1, Ex. B). On July 6, 2009, he filed an amended complaint. Plaintiff alleges that Experian violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 et seq. (West 2008 &

---

[1] The caption names Defendant simply as "Experian."

Supp. 2009-10), by misrepresenting his financial information. (Doc. 3, Am. Compl. ¶¶ 9-13). Specifically, Defendant erroneously listed a loan foreclosure on his credit report and failed to correct the error when notified. (*Id.*). As a result, Plaintiff could not refinance his house at a lower interest rate. He asserts a claim for intentional infliction of emotional distress, and seeks compensatory and punitive damages.

On July 28, 2009, Experian removed the action to this court. In its Notice of Removal, Experian based our jurisdiction in part on diversity of citizenship, noting that the amount in controversy was in excess of $75,000, and also representing that it is "incorporated under the laws of Ohio with its principal place of business in Costa Mesa, California." (Doc. 1, Notice of Removal ¶ 8).[2] It also alleged it was served with the original complaint on July 9, 2009. (*Id.* ¶ 2).

Before filing the common pleas action, Plaintiff had filed a suit in a Pennsylvania magisterial district court on March 31, 2009. That complaint was dismissed without prejudice on May 29, 2009. (Doc. 4, Ex. B). Plaintiff alleges it was the same cause of action as he presents in his common pleas case, but that the magisterial district judge dismissed it "without full understanding of the facts" and advised Plaintiff to "appeal" to common pleas court. (Doc. 4, Pl.'s Objection to removal ¶ 5).[3]

In opposing removal, Plaintiff makes three principal arguments. First, removal was untimely under 28 U.S.C. § 1446(b) because Defendant could have removed the action after it was filed in the magisterial district court. Second, Defendant waived removal by appearing in the magisterial district court proceedings. Third, contrary to

---

[2] Plaintiff alleges that Experian "operat[es] nationwide . . . with its primary place of business" in Allen, Texas. (Doc. 3, Am. Compl. ¶ 2; doc. 4, Objection to removal ¶ 2).

[3] Nothing of record indicates why the magisterial district judge dismissed the case. We do note, however, that the jurisdictional limit of that court is a damages award of $8,0000. See 42 Pa. Cons. Stat. § 1515(a)(3)(conferring jurisdiction on magisterial district courts over "[c]ivil claims . . . wherein the sum demanded does not exceed $8,000, exclusive of interest and costs . . ."

Experian's representation, Experian is a citizen of Pennsylvania because it operates nationwide (meaning in Pennsylvania, as well as in the other states), thus resulting in a lack of diversity.

III. *Discussion*

In pertinent part, a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). And "the removing party bears the burden of establishing the propriety of removal." *Cmiech v. Electrolux Home Products, Inc.,* 520 F. Supp. 2d 671, 672 (M.D. Pa. 2007).

Plaintiff first argues that removal was untimely because Defendant could have removed the action after it was filed in the magisterial district court. The argument is vague, but we take it to mean that Defendant failed to comply with the thirty-day deadline in section 1446(b) for removing an action, as the filing date of the magisterial district court action was March 31, 2009, and removal was not accomplished until July 28, 2009, some four months later.

We reject this argument based on the procedural history of the case in state court. The magisterial district judge dismissed the complaint before him without prejudice. Plaintiff then filed a new action in the court of common pleas on July 2, 2009. Under section 1446(b), this is the initial pleading for the purpose of the thirty-day removal period. *See Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1069 (3d Cir. 1987)(removal was timely because second state-court petition to appoint a neutral arbitrator, even though filed under the old docket number, was a new action that restarted the thirty-day removal period, noting that the first such petition had been

dismissed). *See also Berbig v. Sears Roebuck & Co.*, 568 F. Supp. 2d 1033, 1035-36 (D. Minn. 2008) (initial pleading for thirty-day removal period was the Minnesota state-court action, not the previous Illinois state-court action dismissed without prejudice on the basis of forum non conveniens) (citing *Manze*). Since Defendant removed the action on July 28, 2009, it certainly met the thirty-day deadline for removal, even without taking into consideration its allegation that its receipt of the complaint was on July 9, 2009.

*Manze* also disposes of any timeliness argument based on Plaintiff's view that the common pleas action was just "an extension" of the magisterial district court action. (Doc. 4, Objection to removal ¶ 7). Under *Manze*, we look to the procedural history of the case, and the common pleas complaint represented an initial pleading once the magisterial district court complaint had been dismissed. *See also Berbig*, 568 F. Supp. 2d at 1036-37 (rejecting idea that Minnesota action was simply a continuation of the Illinois action); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000)(defendant timely exercised right of removal of pending action, "a wholly new lawsuit," and "[i]t makes no difference that Plaintiff's claims are the same, and that Defendant failed to remove the previously dismissed state court suit").

Plaintiff's second argument, that Experian waived its right to remove by appearing in the magisterial district court action, is also without merit. Plaintiff cites no authority for this proposition, and it conflicts with Defendant's statutory right to remove the common pleas action.

Finally, we reject Plaintiff's argument that there is no diversity jurisdiction. Federal courts have diversity jurisdiction under 28 U.S.C. § 1332(a) for "all civil cases where the matter in controversy exceeds the sum or value of $75,000," *id.*, but only between "citizens of different states." *Id.* § 1332(a)(1). Plaintiff argues there is no diversity

4

jurisdiction because both he and Defendant are citizens of Pennsylvania. Plaintiff pleads that he is a citizen of Pennsylvania and maintains Defendant is also a citizen for the purpose of diversity jurisdiction because it does business "nationwide," which includes Pennsylvania. (Doc. 4, Objection to removal ¶ 2).

This position is incorrect because "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). As noted, Defendant avers it was incorporated under the laws of Ohio and that its principal place of business is in Costa Mesa, California, and Plaintiff avers that Defendant's principal place of business is in Allen, Texas. Any of these allegations exclude its citizenship as being in Pennsylvania, thereby satisfying section 1332(a)'s jurisdictional requirement that the suit be between "citizens of different states."

In other words, Plaintiff cannot rely upon Defendant's doing business "nationwide" to defeat diversity jurisdiction. *See Siravo v. Crown, Cork & Seal Co.*, 256 Fed. Appx. 577, 579 (3d Cir. 2007)(per curiam)(nonprecedential)(section 1332(c)(1) establishes a corporation's citizenship for diversity purposes, and the plaintiff cannot evade the requirement of complete diversity by alleging that all four defendant corporations "have manufacturing plants throughout the United States and the world").

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 13, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAPHAEL K. CHICKE, :
    Plaintiff :
:
vs.     CIVIL NO. 1:CV-09-1456
:
:
EXPERIAN, :
    Defendant

*ORDER*

AND NOW, this 13th day of October, 2009, it is ordered that Plaintiff's Objection to Removal (doc. 4), treated as a motion to remand, is denied.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge